IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00350-STV

BENJAMIN OFFEI,

    Applicant,

v.

U.S. ATTORNEY GENERAL,

    Respondent.

_____

# ORDER OF DISMISSAL
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") [#1] and Respondent's Motion to Dismiss for Lack of Jurisdiction (the "Motion") [#21]. The parties consented to this Court's jurisdiction and an Order of Reference was entered, referring the case to this Court for all purposes pursuant to D.C.COLO.LCivR 72.2(d) and 28 U.S.C. § 636(c). [#11, 13, 19] For the following reasons, the Motion is **GRANTED** and the Application is **DENIED AS MOOT**.

**I.    Factual Background[1]**

    On February 12, 2018, Applicant filed the Application arguing that he is being detained by U.S. Immigration and Customs Enforcement ("ICE") in violation of 8 U.S.C.

---

[1] The relevant background facts are not in dispute and are drawn both from the Application [#1] and the Declaration of Bret Talbot, a supervisory Detention and Deportation Officer, submitted by Respondent in support of its Response to the Order to Show Cause [#20-1].

§ 1231 and the Fifth Amendment.[2] [#1 at 3] On April 17, 2017, Applicant was taken into ICE custody and detained at to the ICE Detention Center in Aurora, Colorado after serving time for a criminal conviction in the Jefferson County, Colorado Jail. [*Id.* at 7; #20-1, ¶ 2] On July 10, 2017, Applicant notified the Immigration Judge in a written letter that he did not wish to challenge his removal. [#1 at 7] On that same day, the Immigration Judge ordered Applicant removed. [*Id.*; #20-1, ¶ 3] Applicant waived all rights to appeal and thus the removal order was final as of July 10, 2017. [*Id.*]

At the time the Application was filed, Applicant had been detained for over seven months after the order of removal was final—beyond the presumptive 90-day removal period prescribed by 8 U.S.C. § 1231(a)(1)(A). In the Application, Applicant contends that the "government['s] efforts to secure travel documents [from the Ghana Consulate] for [Applicant] has no end in sight" and thus that his removal was not reasonably foreseeable. [#1 at 8-9] Based on these allegations, Applicant contends that his continued detention violates both the Fifth Amendment and Section 1231, as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). [*Id.* at 8] The Application requests that the Court "order [Applicant's] release" and "put an end to his detention." [*Id.* at 2, 11]

On February 13, 2018, the Court issued an Order to Show Cause ordering Respondent to show cause why the Application should not be granted. [#7] On March 16, 2018, Respondent filed its Response to the Order to Show Cause (the "Response").

---

[2] 8 U.S.C. § 1231(a)(1)(A) states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')." The statute authorizes further detention if the government is unable to remove the alien within the removal period. The Supreme Court has interpreted the statute to "limit[ ] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and clarified that it "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court instructed that "if removal is not reasonably foreseeable, the [habeas] court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

[#20]  With its Response, Respondent submitted the Declaration of Bret Talbot, a Supervisory Detention and Deportation Officer employed by the ICE Detention Center in Aurora, Colorado.  [#20-1, ¶ 1]  Mr. Talbot testified that Applicant "was removed to Ghana and released from ICE custody upon arrival in Ghana" on March 12, 2018.  [*Id.* at ¶ 4]  The Response argued that this testimony regarding Applicant's removal successfully rebutted Applicant's contention that his removal was not reasonably foreseeable and thus the Application should be denied.  [#20 at 2]  Concurrently with the Response, Respondent filed a Motion to Dismiss for Lack of Jurisdiction (the "Motion"), arguing that Applicant's removal to Ghana mooted Applicant's habeas action and thus deprived the Court of jurisdiction.  [#21]

Pursuant to the Court's Order to Show Cause, Applicant was provided permission to file a Reply "within twenty-one (21) days of Respondent's answer" to the Order to Show Cause.  [#7]  Pursuant to D.C.COLO.LCivR 7.1(d), "[t]he responding party shall have 21 days after the date of service of a motion . . . in which to file a response."  More than 30 days have elapsed since the Response and Motion were filed and Applicant has not filed a response to either the Response or the Motion.

**II.    Legal Standard**

The United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies.  U.S. CONST. art. III, § 2, cl. 1.  Mootness thus "is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).  To satisfy this requirement, a live case or controversy must exist at all stages of a proceeding, "and it is therefore not enough that the dispute was alive when the suit was filed."  *Id.*  An action becomes moot where an event occurs during the pendency of the action "that makes it impossible for the court to grant any effectual relief whatever."  *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotation omitted).

In the context of habeas petitions,[3] once an applicant has been released from detention, the "inquiry then becomes whether [the applicant] meets one of the exceptions to the mootness doctrine." *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002). The Court "will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Id.* at 1257.

## III. Analysis

Applicant's Petition challenged only his continued detention by ICE pending his final removal and the only requested relief was his release from detention pending his removal to Ghana. [*Id.* at 2, 11] Applicant did not seek monetary damages or claim any injury aside from his continued detention. [*Id.*] The undisputed record evidence establishes that Applicant was deported to Ghana on March 12, 2018 and released from ICE custody upon arrival in Ghana. [#20-1, ¶ 4] Applicant's deportation and release "make[ ] it impossible for the court to grant any effectual relief whatever" to Applicant. *Church of Scientology*, 506 U.S. at 12.

Based upon the record before the Court, the Court finds that none of the exceptions to mootness applies in this case. Because Applicant did not make a claim for damages in his Application, "he has not demonstrated any secondary or collateral injury surviving his detention." *Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007). Nor is there anything in the record to indicate that the issue is one capable of repetition yet evading review. To the contrary, the Supreme Court has considered the statutory and constitutional limits on ICE's ability to detain individuals pending their removal. *See*

---

[3] Courts have interpreted the language of 28 U.S.C. § 2241(c) stating that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody" to require only that the applicant was in custody at the time the petition was filed. *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

*Zadvydas*, 533 U.S. 678. Similarly, given that Applicant has now been removed to Ghana, there is nothing in the record to suggest that Respondent will resume its detention of Applicant. Courts consistently have found habeas applications moot under similar circumstances. *See, e.g.*, *Vaupel*, 244 F. App'x at 896 (collecting cases); *Arthur v. Mukasey*, No. 09-cv-00059-MSK-KMT, 2010 WL 234936, *3 (D. Colo., Jan. 19, 2010).

## IV. Conclusion

Accordingly, **IT IS ORDERED** that the Motion [#21] is **GRANTED** and Applicant's Application [#1] is **DENIED AS MOOT**. The Clerk of Court is directed to close this matter**.**

DATED: April 19, 2018                    BY THE COURT:

                                                                  s/Scott T. Varholak
                                                                  United States Magistrate Judge